### John M. Hoffman v. Henry McMorran.

*Relief in equity depends on case made in bill.*

Where a purchaser under a second mortgage seeks relief against one who holds under a first mortgage, on the ground that the first was not filed and recorded until after the second, he must establish the case made by his bill or he cannot have relief.

Appeal from St. Clair. (Stickney, J.) Oct. 25.—Dec. 21.

Bill to quiet title, etc. Defendant appeals. Reversed.

*A. E. Chadwick* for complainant.

*Atkinson & Stevenson* for defendant.

Graves, C. J. In 1876 one Thomas J. Dunford was the owner of one-third of the vessel called the "Fred J. Dunford," and on the 6th of January of that year he gave a mortgage on that interest to defendant McMorran for the nominal consideration of $4000; and on the 23d of Febru-

ary following he gave another mortgage on the same interest to Thomas S. Skinner for the nominal consideration of $2600. Both mortgages were subsequently foreclosed by advertisement, the defendant becoming the purchaser under his own and complainant becoming the purchaser under the other. It being claimed by Hoffman that his right was preferable in equity to that of defendant, and that the claim set up by the latter was virtually a mere cloud which ought to be removed, he proceeded to file this bill. The court decreed in favor of complainant and defendant appealed.

At the time McMorran received his mortgage, in January, he was asked by Dunford to withhold it from record until further notice, and he assented, and it was not left for record until the same day on which the Skinner mortgage was executed and recorded; and as matter of fact the cause of its being handed in for record just at that time was that Dunford then told McMorran either that he had then given, or was going that day to give, the mortgage to Skinner. Whether he gave McMorran to understand that the mortgage was already executed, or on the other hand that he was going to execute it, is a subject of dispute. Both mortgages were noted by the proper officer of the customs as having been received for record on that day, but at different hours,—the McMorran mortgage as received at 2 P. M., and that to Skinner as at 4:20 P. M.; but they were copied into the records in the contrary order with some other papers between them.

The controversy is of that class where the rule is very material that the complainant must abide by the case which he makes in his bill, and recover relief, if at all, in virtue of the very premises on which he has staked his demand for it. *Livingston v. Hayes* 43 Mich. 129.

The inquiry first in order is, therefore, to ascertain precisely the specific case on which the bill counts. It avers in the first place, positively, that the Skinner mortgage was recorded in liber " C" at page 164, on the 23d of February, 1876, at 4:20 P. M., and that Skinner had no notice until subsequently, of the existence of the prior mortgage to defendant. It admits that the note in the record and the note

on the back of defendant's mortgage represent that mortgage as having been filed for record at 2 p. m., or two hours and twenty minutes ahead of the other; but avers that, as matter of fact, it was not in the office until after 4:20 p. m., the time at which the Skinner mortgage was filed, and in truth was not filed until after that mortgage. This exhibits the vital issue made by the pleadings.

The complainant's allegation that the Skinner mortgage was filed at 4:20 p. m. is not controverted, and it becomes a datum of fixed value. The questions then are *first*, whether the McMorran mortgage was filed after that time, so that the Skinner mortgage had priority of record; and if so, then *second*, whether Skinner had notice of the other before the delivery of his own. If either of these questions is answered adversely to complainant, the case alleged in the bill fails, and there seems to be little room for doubt in regard to the first. The showing is too strong to be resisted that the McMorran mortgage was on file and entered for record at 2 p. m., and in advance of that given to Skinner.

The line of investigation prescribed by the pleadings has not been adhered to either in the production of evidence or in the argument of the cause.

Much attention has been given to conditions of fact and inductions more or less credible which are not at all justified by the bill. These matters will not be discussed.

The decree should be reversed and the bill dismissed with costs.

The other Justices concurred.