BALDWIN v. LIVERPOOL & LONDON & GLOBE INS. CO.

(Circuit Court of Appeals, Sixth Circuit. July 29, 1903.)

No. 1,185.

1. EQUITY—CONFORMITY OF DECREE TO PLEADINGS—VARIANCE.

Where the allegations of a bill and the proofs are wholly at variance, the complainant is not entitled to a decree in conformity with either, since relief can only be granted on the case made by the bill.

Appeal from the Circuit Court of the United States for the Eastern District of Michigan.

The bill in this case states that on the 25th day of April, 1893, the complainant was the owner of the tug Sea Gull, and, as such owner, made application to the defendant for insurance against loss by fire for one year, and that the defendant wrote a Michigan standard policy on the tug for $4,000, a copy of which is annexed to the bill of complaint, but by mistake of defendant's servants the policy was written in the name of Captain James Reid instead of complainant; that on April 30, 1893, the Sea Gull was totally destroyed by fire, and complainant was damaged in the sum of $30,000, and that the defendant now disclaims all liability under the policy; that, by reason of the mistake made in writing the policy in the name of Captain James Reid instead of in the name of complainant, the complainant is unable to bring an action at law upon the policy: that Captain James Reid recognized the mistake, and disclaims any interest in the insurance. The bill prays that the mistake may be corrected and the policy reformed so as to read as a policy issued to the complainant instead of Captain James Reid, and that an account of the loss under the policy be taken, and the defendant company decreed to pay the same to complainant.

The answer of the defendant denies that the complainant owned the Sea Gull or made application to the defendant for insurance on her, or that the defendant agreed with complainant to insure or did insure the boat, but admits writing the policy, and avers that it was issued on the application of Captain James Reid, through the Ætna Insurance Company as broker of Reid, and that the defendant was not prior to the commencement of this suit informed of complainant's ownership, nor was it directed to insure the Sea Gull in the name of complainant, and denies all error or mistake on its part, and all information to the effect that Reid disclaims any interest in the policy, and states that the policy was written on an application made by the Ætna Insurance Company to the defendant on the 2d day of May, after the destruction of the tug, in which application the complainant was not in any way mentioned, and that defendant was ignorant of the previous loss of the tug by fire, which occurred on the 30th day of April, and learned of it for the first time on the 5th day of May, and on the 6th day of May the defendant company notified the Ætna Insurance Company of having learned that the tug had been burned on April 30th, and asked a return of its policy.

The evidence showed that the tug Sea Gull was sold in April, 1891, at marshal's sale, and bid in, at the request of Reid, by the complainant, who

¶ 1. See Equity, vol. 19, Cent. Dig. § 1001.

agreed in writing to transfer it to Reid on the payment of certain indebtedness, and Reid remained in possession and management until she was burned. On April 24th or 25th Reid went to the office of Cook, Calbeck & Co., who were insurance agents and vessel brokers at Chicago, and asked them to place insurance, both fire and marine, upon the Sea Gull, and they made out an application for insurance in the Ætna Insurance Company on account of Captain James Reid for $10,000, "loss, if total, payable to Stephen Baldwin," and informed Reid that the Sea Gull would be covered the next morning. Cook, Calbeck & Co. had arrangements with the Insurance Company of North America and the Ætna Insurance Company, by which, when a vessel owner or manager came to them for insurance, they placed part of it with each of these companies. The local manager of the Ætna Company had an arrangement with the local manager of the defendant by which it was to carry as much insurance as the Ætna did on any one risk, if applied to by the Ætna. The clerk in the Ætna's office made an application to the defendant company for a $4,000 policy for part of this insurance on the tug Sea Gull, to be issued to Captain James Reid, leaving out, "loss, if total, payable to Stephen Baldwin," and the policy in question was afterwards issued on this application in the following manner: On May 1st, one of the partners of Cook, Calbeck & Co. found that the Sea Gull's policies had not been received at the office, and sent out for them, and it was found that the policy applied for from the Ætna had not been written, and when notified the manager of the Ætna went to the office of the defendant, and reminded its manager of the agreement that defendant should write part of insurance when offered by the Ætna, and made request for the issuance of the policy in question, which was issued the next day, and delivered to the Ætna Company. The manager of the defendant company learned, on the 5th of May, of the loss of the tug Sea Gull, and thereupon wrote the manager of the Ætna the following letter: "Between the hours of 12 and 1 p. m. upon Monday, the 1st inst., we agreed to accept a risk for you upon the tug Sea Gull, and, upon an application received later in the day from your office, issued our policy No. 334,327, in the sum of $4,000, upon Tuesday, the 2nd inst., dating said policy back to April 25th, at your request. We learn from sworn statements of the marine department that the tug in question was burned at or about the hour of 7 o'clock p. m. upon Sunday, April 30th. As we have no liability under our policy, will you have the kindness to return same to this office, and much oblige?" The policy was not returned, and, the defendant refusing to recognize it as binding, this suit was brought. On the final hearing the court below dismissed the bill of complainant, who brings the cause here by appeal.

W. G. Fitzpatrick, for appellant.

John D. Conely, for appellee.

Before LURTON and SEVERENS, Circuit Judges, and WANTY, District Judge.

WANTY, District Judge, after making the foregoing statement of the case, delivered the opinion of the court.

The complainant was in equity only a mortgagee of the vessel which he claims to have insured as owner. Davidson v. Baldwin, 79 Fed. 95, 24 C. C. A. 453. The policy which was issued provided, among other things, that it should be void if the interest of the insured was other than unconditional and sole ownership. Whether if a policy had issued insuring Baldwin as sole and unconditional owner, without qualifying words, it would have been enforceable, we need not decide, for there was no evidence of any agreement to insure Baldwin as sole owner. But it is urged that a policy should be decreed to be written according to the terms of the application made to the Ætna Insur-

ance Company. There is nothing in the pleadings to warrant such a decree. No such issue was tendered by the bill, which states that the complainant, who is only the mortgagee, was the owner of the tug, and as such owner made application for the policy, which by mistake was written in the name of Captain James Reid. The application which was actually made was not set out in the bill, and as it was made to Cook, Calbeck & Co., and not to the defendant, the defendant knew of no such application until the evidence was taken. If Reid were a party to the suit, and there were sufficient averments in the bill to sustain a decree under the prayer for general relief, directly contrary to the case made out by the bill, the other questions raised might be discussed. But such a decree, if the complainant were entitled to it under the proofs, would be entirely outside of the pleadings on a case not made or contemplated by the bill, and to which the defendant has not been called upon to answer, and, in fact, has not answered. "The recovery must be had upon the case made by the pleadings or not at all." Grosholz v. Newman, 21 Wall. 481, 488, 22 L. Ed. 471; Hoffman v. McMorran, 52 Mich. 318, 17 N. W. 928; Jones v. Davenport, 45 N. J. Eq. 77, 17 Atl. 570. No relief can be granted for matters not charged in the bill, and a party can no more succeed upon a case proved, but not alleged, than upon a case alleged, but not proved. Beach, Modern Eq. Prac. §§ 99, 100, 790, and the text-books and numerous authorities cited in the notes.

The decree dismissing the bill must be affirmed.